UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61838-DAMIAN/Valle

**SEBASTIAN GUENTHER**,

    Petitioner,

v.

**ELIZABETH VICTORIA MCPHERSON**,

    Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 15]
AND ENTERING TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** came before the Court on Magistrate Judge Alicia O. Valle's Report and Recommendation to District Judge, entered on October 20, 2025 [ECF No. 15 (the "Report")].

THE COURT has reviewed the Report and the pertinent portions of the record and is otherwise fully advised.

Petitioner, Sebastian Guenther's ("Petitioner"), initiated this action on September 12, 2025, by filing a Complaint and an *Ex Parte* Motion Under the Hague Convention Requesting Injunctive Relief, for Entry of a Temporary Restraining Order, for Warrant Seeking Physical Custody of Minor Child, and Scheduling an Expedited Hearing [ECF No. 3 (the "Motion")]. The undersigned referred the matter to United States Magistrate Judge Alicia Valle. [ECF No. 5].

Magistrate Judge Valle held a hearing and issued a Report and Recommendation on September 24, 2025. [ECF No. 9 (the "Initial R&R")]. In the Initial R&R, Magistrate Judge Valle summarizes the relevant background and procedural history, and therefore, this Court

will not set out the background in detail here, except to note that the Complaint [ECF No. 1] seeks the return of a four-year old child, Z.G.M. (the "Child"), whom Petitioner alleges was wrongfully removed from Germany by her mother, Respondent, Elizabeth Victoria McPherson ("Respondent"), and brought to Fort Lauderdale, Florida. Magistrate Judge Valle recommended, *inter alia*, that the Motion for TRO be granted in part and denied in part, that the Respondent be ordered to remain in the United States with the child, that the United State Marshals Service be ordered to serve the Respondent, that the Respondent be ordered to relinquish the child's passport and that of the child. *See* Initial R&R. The Magistrate Judge set a preliminary injunction hearing to be held on October 24, 2025, and indicated that the TRO would expire in fourteen days, unless extended by the Court upon Motion. *Id*. No party filed objections to the Initial R&R.[1]

This Court entered an Order on October 1, 2025, Adopting the Initial R&R and ordering the relief recommended by the Magistrate Judge. [ECF No. 11].

Noting that the TRO expired on October 15, 2025, on October 16, 2025, the Magistrate Judge required the parties to file a status report indicating the status of the proceedings and whether the TRO should be extended. [ECF No. 13]. Petitioner filed a Status Report on October 20, 2025, and explained, among other things, that the U.S. Marshals had not yet been able to locate or serve the Respondent and requested that the TRO be extended. See ECF No. 14.

The Magistrate Judge then issued the Second Report and Recommendation on October 20, 2025. [ECF No. 15 ("Second R&R")]. In the Second R&R, which is now before

---

[1] Judge Valle held an *ex parte* hearing by Zoom on September 22, 2025. *See* Report. Because Petitioner was the only party notified of and in attendance at the hearing and the Report recommends granting the relief sought by Petitioner, it does make sense that no party would file objections to the Report.

2

this Court, Magistrate Judge Valle recommends that this Court issue a new Temporary Restraining Order ("TRO") to expire within fourteen (14) days of the date of issuance, unless otherwise extended by the parties, and that the Court require, prior to the expiration of the new TRO: (i) the U.S. Marshal continue to attempt to serve Respondent with all filings in this case, including this Report and the initial R&R; and (ii) Petitioner file a Supplemental Status Report including: (a) evidence by affidavit/declaration from the U.S. Marshal regarding its efforts to serve Respondent; and (b) advising the Court of the necessary next steps if Respondent cannot be served and/or is evading service, *i.e.*, whether Petitioner can seek an *ex parte* preliminary injunction, sanctions, or other relief to expeditiously proceed in this action. *See* Second R&R at 2.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record.

This Court is aware this proceeding is currently *ex parte*, and neither the Magistrate Judge nor the undersigned has established an objections period within which Respondent

3

can file objections pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b). Since this Court adopts the Second R&R and issues a new TRO, Respondent may file any objections she might have upon her appearance in this case. Having reviewed the record and the Magistrate Judge's thorough and well-reasoned analyses throughout, for the reasons laid out by the Magistrate Judge in her Reports and Recommendations, it is

**ORDERED AND ADJUDGED** that the Second R&R **[ECF No. 15]** is **AFFIRMED AND ADOPTED,** and Petitioner's Motion for a TRO is **GRANTED** anew, and a renewed **Temporary Restraining Order** is entered in favor of Petitioner and against Respondent, as set forth in this Court's October 1, 2025, Order Adopting Report and Recommendation and entering Temporary Restraining Order. [ECF No. 11]. Pursuant to this Temporary Restraining Order:

1. Respondent and Child shall **REMAIN** in the Southern District of Florida pending resolution of this action. Further, Respondent (or any person acting in concert with Respondent) shall be **PROHIBITED** from removing the Child from the jurisdiction of the Southern District of Florida and shall take no action to remove the Child from the jurisdiction of the Southern District of Florida, pending further Order of the Court.

2. Respondent shall **RELINQUISH** the Child's passport to the United States Marshals Service at the time she is served with the documents above (if she has the Child's passports with her at that time). Alternatively, if Respondent does not have possession of the Child's passport at the time of service, she shall tender the Child's passport to the District Court by delivering it to the Clerk of Court at the Fort Lauderdale Federal Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida 33301, by 4:00 PM the next business day.

4

3. The United States Marshals Service **SHALL CONTINUE TO ATTEMPT TO SERVE** Respondent with a copy of the Verified Petition, the Motion and accompanying memorandum of law, the Magistrate Judge's Reports and Recommendations [ECF Nos. 9 and 15], this Order, and any other documents filed by Petitioner in this action. **Service should be made to 25 Spinning Wheel Lane, Tamarac, Florida, 33319, ATTN. Elizabeth Victoria McPherson**. The United States Marshals Service shall be authorized and directed to take all reasonable efforts to serve and enforce this Order in the daytime or the nighttime, to effectuate the provisions of this Order, including inquiring about Respondent's location if she is not found at the above address.

**This TRO shall expire fourteen (14) days from the date of the instant Order.**

Prior to the expiration of this TRO:

Petitioner **SHALL FILE** a Supplemental Status Report including: (a) evidence by affidavit/declaration from the U.S. Marshal regarding its efforts to serve Respondent; and (b) advising the Court of the necessary next steps if Respondent cannot be served and/or is evading service, *i.e.*, whether Petitioner can seek an *ex parte* preliminary injunction, sanctions, or other relief to expeditiously proceed in this action.

The parties shall comply with all Orders by the Magistrate Judge regarding the scheduling of a Preliminary Injunction hearing. Prior to the Preliminary Injunction hearing before the Magistrate Judge, the parties shall make all efforts to telephonically meet and confer in good faith to: (i) renew contact between Plaintiff and the Child; (ii) confirm Defendant's availability to attend the hearing on the Preliminary Injunction; (iii) discuss whether Defendant consents to any necessary extension of the TRO; and (iv) discuss a

potential date to attend a settlement conference before a Magistrate Judge or mediator in this District to avoid prolonged proceedings before the Court.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 24th day of October, 2025.

                                          **MELISSA DAMIAN**
                                          **UNITED STATES DISTRICT JUDGE**