UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61838-DAMIAN/Valle

**SEBASTIAN GUENTHER**,

    Petitioner,

v.

**ELIZABETH VICTORIA MCPHERSON**,

    Respondent.
_____/

**ORDER ADOPTING FOURTH AND FIFTH
REPORTS AND RECOMMENDATIONS [ECF NO. 27, 30]
AND ENTERING RENEWED TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** came before the Court on Magistrate Judge Alicia O. Valle's Report and Recommendation to District Judge, entered on December 15, 2025 and December 18, 2025, respectively [ECF Nos. 27 (the "Fourth R&R") and 30 (the "Fifth R&R")].

THE COURT has reviewed the Fourth and Fifth R&Rs and the pertinent portions of the record and is otherwise fully advised.

Petitioner, Sebastian Guenther ("Petitioner"), initiated this action on September 12, 2025, by filing a Complaint and an *Ex Parte* Motion Under the Hague Convention Requesting Injunctive Relief, Entry of a Temporary Restraining Order, a Warrant Seeking Physical Custody of Minor Child, and Scheduling of an Expedited Hearing [ECF No. 3 (the "Motion")]. The undersigned referred the matter to United States Magistrate Judge Alicia Valle. [ECF No. 5].

Magistrate Judge Valle held a hearing and issued a Report and Recommendation on September 24, 2025. [ECF No. 9 (the "Initial R&R")]. In the Initial R&R, Magistrate Judge Valle summarized the relevant background and procedural history, and, therefore, this

Court will not set out the background in detail here, except to note that the Complaint [ECF No. 1] seeks the return of a four-year old child, Z.G.M. (the "Child"), whom Petitioner alleges was wrongfully removed from Germany by her mother, Respondent, Elizabeth Victoria McPherson ("Respondent"), and brought to Fort Lauderdale, Florida. Magistrate Judge Valle recommended, *inter alia*, that the Motion for TRO be granted in part and denied in part, that the Respondent be ordered to remain in the United States with the child, that the United State Marshals Service be ordered to serve the Respondent, and that the Respondent be ordered to relinquish the child's passport. *See* Initial R&R. The Magistrate Judge set a preliminary injunction hearing to be held on October 24, 2025, and indicated that the TRO would expire in fourteen days, unless extended by the Court upon Motion. *Id*. This Court entered an Order on October 1, 2025, adopting the Initial R&R and ordering the relief recommended by the Magistrate Judge. [ECF No. 11].

No party filed objections to the Initial R&R.[1]

On October 20, 2025, Petitioner filed a Status Report and explained that the U.S. Marshals had not yet been able to locate or serve the Respondent and requested that the TRO be extended. [ECF No. 14]. The Magistrate Judge then issued a Second Report and Recommendation on October 20, 2025 [ECF No. 15 ("Second R&R")], in which she recommended that this Court issue a new Temporary Restraining Order ("TRO") to expire within fourteen (14) days of the date of issuance, unless otherwise extended by the parties, and that the Court require that, prior to the expiration of the new TRO, (i) the U.S. Marshal continue to attempt to serve Respondent with all filings in this case, including this Report

---

[1] Judge Valle held an *ex parte* hearing by Zoom on September 22, 2025. *See* Report. Because Petitioner was the only party notified of and in attendance at the hearing and the Report recommends granting the relief sought by Petitioner, it does make sense that no party would file objections to the Report.

and the initial R&R; and (ii) Petitioner file a Supplemental Status Report including: (a) evidence by affidavit/declaration from the U.S. Marshal regarding its efforts to serve Respondent; and (b) advising the Court of the necessary next steps if Respondent cannot be served and/or is evading service, *i.e.*, whether Petitioner can seek an *ex parte* preliminary injunction, sanctions, or other relief to expeditiously proceed in this action. *See* Second R&R at 2. This Court adopted and affirmed the Second R&R on October 27, 2025, and entered a Second TRO which was set to expire on November 10, 2025. [ECF No. 17].

On November 21, 2025, the Magistrate Judge issued the Third Report and Recommendation, in which she again recommended that this Court issue a new TRO to expire within 14 days and require Petitioner to file a status report as previously directed. [ECF No. 21 (the "Third R&R")]. On December 1, 2025, this Court adopted and affirmed the Third R&R, and entered a Third TRO which was set to expire on December 15, 2026. [ECF No. 24]. As Judge Valle explains in the Fourth and Fifth R&Rs, which are now before this Court, the Marshals continue to be unable to locate and serve the Respondent. [ECF No. 27, 30].

On December 15, 2025, the Magistrate Judge entered the Fourth R&R and recommended that this Court extend the prior R&R, set to expire that same day, until the next hearing, set for December 18, 2025. *See* Fourth R&R. The Magistrate Judge then held a hearing on December 18, 2025. *See* ECF No. 28. At the December 18, 2025 hearing before the Magistrate Judge, Petitioner testified about communications between: (i) Respondent's mother and Petitioner's counsel; and (ii) Respondent's mother and a mutual friend. See Fifth R&R. Petitioner also referenced the Declaration of U.S. Deputy Marshal David Steinberg regarding his attempts at service, including one occasion when the Deputy returned to the

residence and found that documents he had previously left in the mailbox had been retrieved. *Id.*

Following the December 18, 2025, the Magistrate Judge issued the Fifth R&R that same day. In the Fifth R&R, the Magistrate Judge explains that the above-described information, which was introduced into the record at the hearing, provided convincing circumstantial evidence upon which to determine that Respondent is, at best, evading service or, at worst, has fled the jurisdiction with the minor child. *Id.*

Judge Valle continued the hearing on the Petition to January 5, 2026, to allow for Respondent's appearance and the taking of additional testimony. *Id.* Under these circumstances, and given the evidence that Respondent may be actively evading service, Judge Valle recommends that this Court extend the TRO through **January 5, 2026**. [ECF No. 30].

No party has filed objections to the Magistrate Judge's Fourth and Fifth R&Rs. When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the R&Rs, the record, and the applicable law to assure herself that no clear error appears on the face of the record.

This Court is aware this proceeding is currently *ex parte*, and, as indicated above, neither the Magistrate Judge nor the undersigned has established an objections period within which Respondent can file objections pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b). Since this Court adopts the Fourth and Fifth R&Rs and issues a new TRO, Respondent may file any objections she might have upon her appearance in this case. Having reviewed the record and the Magistrate Judge's thorough and well-reasoned analyses throughout, for the reasons laid out by the Magistrate Judge in her Reports and Recommendations, it is

**ORDERED AND ADJUDGED** that the Fourth and Fifth R&Rs **[ECF No. 27 and 30]** are **AFFIRMED AND ADOPTED,** Petitioner's Motion for a TRO is **GRANTED** anew, and a renewed **Temporary Restraining Order** is entered in favor of Petitioner and against Respondent, as set forth in this Court's October 1, 2025, Order Adopting Report and Recommendation and entering Temporary Restraining Order. [ECF No. 11]. Pursuant to this Temporary Restraining Order:

1. Respondent and Child shall **REMAIN** in the Southern District of Florida pending resolution of this action. Further, Respondent (or any person acting in concert with Respondent) shall be **PROHIBITED** from removing the Child from the jurisdiction of the Southern District of Florida and shall take no action to remove the Child from the jurisdiction of the Southern District of Florida, pending further Order of the Court.

2. Respondent shall **RELINQUISH** the Child's passport to the United States Marshals Service at the time she is served with the documents above (if she has

5

the Child's passports with her at that time). Alternatively, if Respondent does not have possession of the Child's passport at the time of service, she shall tender the Child's passport to the District Court by delivering it to the Clerk of Court at the Fort Lauderdale Federal Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida 33301, by 4:00 PM the next business day.

**This TRO shall expire on January 5, 2026, unless otherwise extended by this Court.**

Petitioner shall assure this Order is served on Respondent.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 22nd day of December, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**