UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-61838-DAMIAN/VALLE

SEBASTIAN GUENTHER,

    Petitioner,

v.

ELIZABETH VICTORIA MCPHERSON,

    Respondent.

_____

### REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE

THIS MATTER is before the Court upon Petitioner's: (i) Verified Complaint and Petition Under Hague Convention for the Return of the Child to Petitioner in Germany, Including Provisional Orders (ECF No. 1) (the "Petition"); and (ii) Ex Parte Motion Under the Hague Convention Requesting Injunctive Relief, for Entry of a Temporary Restraining Order, for Warrant Seeking Physical Custody of Minor Child, and Scheduling an Expedited Hearing (ECF No. 3) (the "Motion"). U.S. District Judge Melissa Damian referred the matter to the undersigned "to take all action necessary in connection with case, including hearings and taking evidence, for rulings on all non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters." (ECF No. 5).

Having reviewed the Petition, the Motion, and being otherwise duly advised in the matter, including having held two ex parte evidentiary hearings, the undersigned respectfully **RECOMMENDS** that the Court: (i) **GRANT** the Motion and issue a renewed temporary restraining order ("TRO") requiring, among other things, that Respondent Elizabeth Macpherson and Child (as defined below) be ordered to return to and remain in the Southern District of

Florida pending resolution of this action; (ii) enter an Order holding Respondent and the Child's maternal grandmother Kathy Horsford in civil contempt for failure to obey this Court's Order requiring each to appear before the Court to address the merits of the Petition; (iii) issue arrest warrants for Elizabeth Macpherson and Kathy Horsford; and (iv) order that Elizabeth Macpherson and Kathy Horsford be held in custody until each purges herself of contempt by appearing before the Court to adjudicate the merits of the Petition. Lastly, if Respondent and Kathy Horsford continue to fail to appear, the undersigned recommends that the Petition be granted by default and order the immediate return of the Child.

## I. BACKGROUND

### A. Events in Germany Predating the Petition

Petitioner, Sebastian Guenther ("Father" or "Petitioner") and Respondent Elizabeth Victoria McPherson ("Mother" or "Respondent") are parents to minor child, Z.G.M. (the "Child"), born in Broward County, Florida on February 16, 2021. (ECF No. 3 at 2). The Child is a dual citizen of the United States and Germany. *Id.* From November 2023 until August 2024, the parents and Child lived together in Hanover, Germany. Beginning in August 2024, the Mother moved with the Child into a separate nearby residence and the Child continued to have substantial and regular contact with the Father, in his home in Germany. *Id.* In May 2025, the Mother accepted a job as a kindergarten teacher in Florida, to commence on June 26, 2025. (ECF No. 1 at 34).

Sometime in early to mid-2025, the Mother commenced custody proceedings in Hanover, Germany, seeking the sole right to determine the Child's place of residence. *Id.* at 35. On June 22, 2025, a Hanover Court denied the Mother's request and transferred the right to determine residence for the Child exclusively to the Father. *Id.* at 34. Although the Mother appealed the

Hanover Court decision, she nonetheless left Germany and traveled to the United States with the Child without the Father's consent or court approval just days after issuance of the Hanover Court decision. *Id.* at 30; (ECF No. 3 at 2). Thereafter, the Appellate Court denied the Mother's appeal noting that the Mother left for the United States immediately after receiving the Hanover Court decision and was unlawfully withholding the Child from the Father, contrary to the valid order from the Hanover Court. (ECF No. 1 at 30). The Father filed a police report in Germany and the German authorities have commenced a preliminary investigation against the Mother for abduction of a minor. (ECF Nos. at 58, 60).

The Father's last contact with the Child was on August 9, 2025. (ECF No. 3 at 3). According to the Father, although the U.S. State Department has requested that Respondent voluntarily return the Child, Respondent has failed to do so. *Id.*

**B. The Petition and Proceedings before this Court**

On September 12, 2025, the Father filed the Petition and, days after, the Motion. (ECF Nos. 1. 3). Through the Petition and Motion, the Father seeks the return of the Child, provisional orders, an ex parte TRO, and a warrant seeking the physical custody of the Child. *Id.* On September 24, 2025, the undersigned recommended, and the District Judge subsequently adopted, the initial recommendation to partially grant the TRO.[1] (ECF Nos. 9, 11). The District Judge ordered that:

> 1. Respondent and Child shall remain in the Southern District of Florida pending resolution of this action. Further, Respondent (or any person acting in concert with Respondent) shall be prohibited from removing the Child from the jurisdiction of the

---

[1] At that time, Petitioner withdrew his request to arrest Respondent and the Child and the initial recommendation granted other relief. (ECF No. 9 at 7).

> Southern District of Florida and shall take no action to remove the Child from the jurisdiction of the Southern District of Florida, pending further Order of the Court
>
> 2. The United States Marshals Service shall serve Respondent with a copy of the Verified Petition, the Motion and accompanying memorandum of law, the Report and Recommendation [ECF No. 9], this Order, and any other documents filed by Petitioner in this action. Service should be made to 25 Spinning Wheel Lane, Tamarac, Florida, 33319, ATTN. Elizabeth Victoria McPherson. The United States Marshals Service shall be authorized and directed to take all reasonable efforts to serve and enforce this Order in the daytime or the nighttime, to effectuate the provisions of this Order, including inquiring about Respondent's location if she is not found at the above address.
>
> 3. Respondent shall relinquish the Child's passport to the United States Marshals Service at the time she is served with the documents above (if she has the Child's passports with her at that time). Alternatively, if Respondent does not have possession of the Child's passport at the time of service, she shall tender the Child's passport to the District Court by delivering it to the Clerk of Court at the Fort Lauderdale Federal Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida 33301, by 4:00 PM the next business day.

(ECF No. 11 at 3).

Pursuant to Federal Rule 65(b)(2), the initial TRO expired on October 15, 2025—14 days from the date it was issued by the District Judge. *See* Fed. R. Civ. P. 65(b)(2). On October 16, 2025, the undersigned required the Petitioner to submit a status report to advise the Court whether: (i) Respondent had been served with the pleadings; and (ii) the TRO could be extended by consent of the parties or upon a showing of good cause. (ECF No. 13). On October 20, 2025,

4

Petitioner advised that although the U.S. Deputy Marshal had attempted service on Respondent at the Tamarac, Florida address at least four times, personal service had not been effectuated. (ECF No. 14.)  Nevertheless, the filings that had been left at the mailbox of Respondent's last known address (Kathy Horsford's home) had been retrieved.  (ECF No. 14 at 1).  Because service had not been effected on Respondent before expiration of the initial TRO, the undersigned recommended that the TRO be extended.  *See* (ECF No. 15).

On October 27, 2025, the District Judge adopted the undersigned's recommendation and extended the TRO.  *See* (ECF No. 17).  Thereafter, despite the U.S. Marshal's numerous attempts to effect personal service, service was not effectuated.  *See* (ECF No. 18) (declaration of Deputy U.S. Marshal listing numerous efforts to serve Respondent through October and early November 2025 at various locations); (ECF No. 14) (report explaining that U.S. Marshal has made at least four attempts to serve Respondent at her last known residence in Tamarac, Florida).  Consequently, Petitioner requested and the undersigned permitted Petitioner to serve Respondent by email at her two known email addresses.  *See* (ECF Nos. 19, 20). Simultaneously, the undersigned scheduled an evidentiary hearing for December 18, 2025, and recommended that the District Judge again extend the TRO.  (ECF No. 21).

On November 4, 2025, Petitioner traveled from Germany to the United States. (ECF No. 36) (12/18/2025 Hr'g Tr. at 13:4).  Petitioner has remained in the United States to assist his lawyer in prosecuting the action and to obtain the return of the Child.

On December 1, 2025, the District Judge issued a third TRO.  (ECF No. 25).  On December 4, 2025, Petitioner filed a notice of service confirming that counsel had, in fact, served Respondent's known email addresses, but all emails bounced back.  (ECF No. 26 at 1).  Counsel

also served Respondent by certified mail and sent the various Orders regarding the December 18, 2025 hearing to Respondent's mother, Kathy Horsford, via text. *Id.* at 2.

On December 18, 2025, the undersigned commenced the evidentiary hearing on the Petition and Motion. (ECF No. 28). Although Petitioner and his counsel appeared, Respondent failed to appear. At the December 18th hearing, the undersigned heard testimony from Petitioner and witness Mona Vogal regarding Respondent's alleged whereabouts. *See generally* (ECF No. 36). More specifically, "Petitioner testified about communications between: (i) Respondent's mother and Petitioner's counsel; and (ii) Respondent's mother and a mutual friend. *See* Exhibit 1 in evidence at the hearing. Petitioner also referenced the Declaration of U.S. Deputy Marshal David Steinberg regarding his attempts at service, including one occasion when the Deputy returned to the residence and found that documents he had previously left in the mailbox had been retrieved. *See* ECF Nos. 14 and 18." (ECF No. 30). Petitioner also testified regarding Respondent's flight from the Southern District of Florida to New York. See generally (ECF No. 36). In continuing the hearing to give Respondent another opportunity to appear, the undersigned also found: "[t]hese communications [and testimony] provide convincing circumstantial evidence that Respondent is, at best, evading service or, at worst, has fled the jurisdiction with the minor child." (ECF No. 30). The Court continued the evidentiary hearing to January 5, 2026. (12/18/25 Hr'g Tr. 62:1).

The undersigned also ordered, among other things, that Petitioner's counsel: (i) issue necessary subpoenas for the in-person appearance of witnesses at the continued hearing, including the maternal grandmother Kathy Horsford. (ECF No. 29). The undersigned referenced: (i) potentially finding Respondent in civil contempt of Court, *see, e.g., American University v. Tien*, No. 04-20834-WPD (S.D. Fla. Sept. 27, 2022) (issuing arrest warrant for civil

contempt based on undersigned's recommendation that individual failed to comply with Court orders) and issuing a warrant for her arrest; (ii) instructing the proper authorities to add the minor child to the national police computer missing persons section, *see Brooke v. Willis*, 907 F. Supp. 57 (1995); (iii) instructing that a United States peace officer bring the minor child before the Court without consent of Respondent; and (iv) finding any third-party acting in concert with Respondent as being in contempt of Court. *Id.* Contemporaneously, the undersigned recommended to the District Judge that the TRO be extended through the January 5, 2026 continued hearing date. (ECF No. 29). The District Judge adopted the recommendation, and the TRO was extended through January 5, 2026. (ECF No. 34).

In advance of the January 5th hearing, Petitioner filed several Notices regarding service on Respondent and third parties, including Kathy Horsford. (ECF Nos. 35, 37, 40). On January 5, 2026, the undersigned held the continued evidentiary hearing. (ECF No. 42). Although Petitioner, counsel, and private investigator Daniel Reimer appeared, no one else appeared at the hearing. The Court heard testimony. This Report and Recommendation follows.

## II.     RENEWAL OF THE TRO

This Hague Convention action commenced in September 2025. (ECF No. 1). Courts should take steps to decide these cases as expeditiously as possible for the sake of the children and parents. *Chafin v. Chafin*, 742 F.3d 934, 936 (11th Cir. 2013). Thus, the Hague Convention contemplates a six-week time frame from the initial filing of the petition to a decision regarding the child's return. *Id.* The recommended six-week period expired on October 24, 2025. Since the filing of the Petition, on five prior occasions, the undersigned has recommended that the District Judge enter a TRO requiring, among other things, that Respondent and Child be remain in the Southern District of Florida pending resolution of the Petition. *See* (ECF Nos. 9, 15, 21,

27, 30). The District Judge has adopted the undersigned's prior recommendations. *See* (ECF Nos. 11, 17, 24, 34). The prior R&Rs are incorporated by reference. The most recent of these TROs expired on January 5, 2026. To date, however, Respondent has not appeared in this action or complied with Court Orders.

Under these circumstances, and given the evidence that Respondent is actively evading service, the undersigned respectfully **RECOMMENDS** that the District Judge renew the TRO for an additional 14 days to allow Respondent one last opportunity to appear before the Court in the Southern District of Florida to adjudicate the merits of the Petition. Failure to personally appear before this Court should result in a warrant for Respondent's arrest for civil contempt, as discussed below.

Alternatively, the Court should consider entering a default judgment against Respondent for failure to appear before the Cour to determine the merits of the Petition and Order the immediate return of the Child to Petitioner.

### III. LEGAL STANDARD FOR CIVIL CONTEMPT

The District Court's power to find a Defendant in civil contempt for disobeying the Court's orders stems from the Court's inherent power to enforce compliance with its lawful orders. *United States v. Pierre*, No. 04-CV-21129, 2007 WL 5268245, at *2 (S.D. Fla. Mar. 21, 2007) (citations omitted). A finding of civil contempt must be supported by clear and convincing evidence. *S.E.C. v. Pension Fund of Am., L.C.,* 396 F. App'x 577, 580 (11th Cir. 2010). The clear and convincing evidence must establish that: (i) an order was violated; (ii) the allegedly violated order was valid and lawful; (iii) the order was clear and unambiguous; and (iv) the alleged violator had the ability to comply with the order. *Id.* A party subject to a

contempt order must show that he has "made in good faith all reasonable efforts to comply." *Id.* at 582 (citations omitted).

## IV.   FINDINGS OF FACT SUPPORTING CIVIL CONTEMPT

The undersigned makes the following findings of fact in support of civil contempt:

**A. Respondent's Noncompliance with Court Orders**

1. On five prior occasions, this undersigned has ordered Respondent to appear before this Court to adjudicate the merits of the Petition. More specifically, in adopting the undersigned's recommendations, the District Judge has issued TROs on October 1, 2025, October 27, 2025, December 1, 2025, and December 22, 2025. (ECF Nos. 11, 17, 24, 34)

2. The TROs required Respondent to remain in the Southern District of Florida pending resolution of this action. Further, Respondent (or any person acting in concert with Respondent) was prohibited from removing the Child from the jurisdiction of the Southern District of Florida and shall take no action to remove the Child from the jurisdiction of the Southern District of Florida, pending further Order of the Court. *Id.* Respondent was also to relinquish the Child's passport to the United States Marshals or alternatively, tender the Child's passport to the District Court by delivering it to the Court the business day after being served with the TRO. *Id.*

3. Respondent was also required to appear before this Court on December 18, 2025. (ECF No. 25). The Court advised that failure to appear at the hearing may result in a recommendation that: (i) Respondent be found in contempt of Court; (ii) a writ and/or warrant be issued for Respondent's arrest; and (iii) the child be entered into the national police computer system missing persons section, among other appropriate relief. *Id.*

4. Respondent was next required to appear for the continued evidentiary hearing held on January 5, 2026, with the same admonition regarding possible consequences if she failed to appear. (ECF No. 29).

5. Although personal service has not been possible, there is substantial evidence that Respondent has received the Petition, Motion, and Court Orders requiring her appearance. For example, the Petition and Motion were left by the U.S. Marshal at Respondent's last known address in Tamarac, Florida and have been retrieved when the Deputy returned. (ECF No. 14) (10/20/2025 Status Report).

6. There is also substantial evidence that Respondent is on notice of the Court's Orders and the proceedings through direct service attempts and communications from third parties. More specifically, counsel for Petitioner has sent all Court filings and Orders to Respondent's mother (the maternal grandmother) Kathy Horsford via text. (ECF No. 23 at 2). Filings and Court Orders have also been sent via certified mail return receipt to Respondent's last known address in Tamarac, Florida, the home of Kathy Horsford. *Id.* at 1. Most recently, Petitioner testified that he notified Respondent of the January 5, 2026 hearing via Respondent's PayPal account, which the parties had previously used to wire monies between themselves. Petitioner also messaged Kathy Horsford through the Broward County Public School's messaging portal, because she is a school employee. (1/5/2026 hearing incorporated by reference).[2]

---

[2] Note, "both state and federal courts have found service to be sufficient and proper under similar circumstances. In an interstate custody case where personal service was impossible due to the flight of the respondent, the court allowed substituted service in any manner 'reasonably effective to give the defendant notice of the suit.'" *Brooke v. Willis*, 907 F. Supp. 57, 60 (S.D.N.Y. 1995). Although there was no personal service, the record reflected the respondent's actual knowledge of the pending litigation and the court found service to be proper where the father sent papers to the mother's parents and specifically informed the mother of the proceedings over the phone. *Id.* (citations omitted).

7. Despites these and other efforts discussed during the two ex parte hearings (held on December 18, 2025 and January 5, 2026), Respondent has failed to comply with the TROs and Court Orders to appear.

8. There is no evidence in the record that Respondent is unable to comply with this Court's Orders to appear before the Court to adjudicate the merits of the Petition.

9. These Orders are valid and lawful. Relevant here, the Hague Convention is an international treaty designed to protect custody rights of parents on a global scale. *Meredith v. Meredith*, 759 F. Supp. 1432, 1434 (D. Ariz. 1991). The objective of the Convention is "to secure the prompt return of children wrongfully removed to or retained in any Contracting State" and "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." *Meredith v. Meredith*, 759 F. Supp. 1432, 1434 (D. Ariz. 1991) (citation omitted). Thus, the Court is empowered to determine the merits of an alleged abduction, it does not determine the merits of the underlying custody claims or issues. The Court's focus is solely whether Petitioner may invoke the protection of the Convention for what he alleges is a wrongful abduction of the Child from Germany to South Florida. The Court, therefore, appropriately set the matter for an evidentiary hearing on December 18, 2025 and January 5, 2026. *See, e.g.*, *Application of McCullough on Behalf of McCullough*, 4 F. Supp. 2d 411, 416 (W.D. Pa. 1998) (setting an evidentiary hearing on a petition pursuant to ICARA).

10. The undersigned's Orders were also unambiguous, unequivocally directing Respondent to appear before the Court to adjudicate the merits of the Petition. However, the evidence presented at the hearings reflects that Respondent is, at best, evading service or, at worst, has fled the jurisdiction with the minor child.

11. On this record, the undersigned finds that Petitioner has established the requirements for a finding of civil contempt as to Respondent by clear and convincing evidence.

12. Accordingly, the undersigned finds that the only way to obtain compliance with its prior Orders is to find Respondent in civil contempt and hold her in custody until she purges herself of contempt by appearing before this Court to address the merits of the Petition.

### B. Kathy Horsford's Noncompliance with Court Orders

13. Upon absconding with the minor child from Germany and arriving in the United States, the evidence reflects that Respondent and Child arrived and resided at the home of Kathy Horsford, the maternal grandmother living in Tamarac, Florida.

14. Petitioner testified credibly that upon last speaking with his daughter on August 9, 2025, the Child said that she was with her "grandmother Kathy." (12/18/25 Hr'g Tr. 16:23-24.

15. Further, the Father credibly testified that, on the morning of November 19, 2025, he received a Whatsapp call from a number associated with Mrs. Horsford and, shortly after, an email confirming that she "received a message" and inquiring about how things were going for Petitioner. (12/18/25 Hr'g Tr. 38:8-41:8). Although Petitioner does not know what "message" the caller was referring to, the message came from a number associated with Kathy Horsford. *Id.* 39:4-5.

16. Petitioner also testified credibly that, in approximately late November or early December 2025, Kathy Horsford texted his mother (the paternal grandmother living in Germany) stating that the Child missed her. *Id.* 23:8-24:13.

17. Based on the evidence, the undersigned Ordered that Petitioner subpoena Kathy Horsford to appear before the Court at the January 5, 2026 hearing to testify regarding Respondent's whereabouts.

18. Although the process server attempted personal service of the subpoena on Kathy Horsford on several occasions, he was unable to effectuate personal service. (ECF No. 40). Nevertheless, Petitioner's counsel sent copies of the subpoena and information about the hearing via text. *Id.*

19. The private investigator Dan Reimer testified that Kathy Horsford has been parking at another residence, near her house in Tamarac, Florida, purportedly to evade service. (1/5/2026 hearing).

20. Mrs. Horsford failed to appear at the January 5, 2026 hearing.

21. The undersigned's Orders that Mrs. Horsford appear to testify as a witness to the whereabouts of Respondent and Child are valid and lawful.

22. The undersigned's Order was also unambiguous, unequivocally directing Kathy Horsford to appear before the Court to testify regarding Respondent's whereabouts.

23. There is no evidence that Kathy Horsford is unable to comply with the Court's Order to appear. Nonetheless, Kathy Horsford failed to appear.

24. The undersigned finds that Petitioner has established the requirements for civil contempt as to Kathy Horsford by clear and convincing evidence.

25. Accordingly, the undersigned finds that the only way to obtain compliance with the Court's prior Orders is to find Kathy Horsford in civil contempt for failure to appear before the Court and holding her in custody until she purges herself of contempt by appearing before this Court.

## V.     RECOMMENDATION

For the reasons set forth above, and incorporating the prior R&Rs and the testimony at the evidentiary hearings, the undersigned respectfully **RECOMMENDS** that the District Judge:

(i)     find Respondent Elizabeth Macpherson and maternal grandmother Kathy Horsford in **CIVIL CONTEMPT** for failure to obey this Court's Orders requiring each to appear before this Court to address the merits of the Petition;

(ii)    Issue a **WARRANT** for Respondent's arrest for civil contempt of Court, *see, e.g., American University v. Tien*, No. 04-20834-WPD (S.D. Fla. Sept. 27, 2022) (issuing arrest warrant for civil contempt based on undersigned's recommendation that individual failed to comply with Court orders);

(iii)   Issue a **WARRANT** for Kathy Horsford's arrest for civil contempt (helping Respondent evade service and personally evading service of a subpoena to testify at the hearing on 1/05/26);

(iv)    **ORDER** that Respondent and Kathy Horsford be held in custody until each individual purges herself of contempt by complying with Court Orders, including bringing the Child before the Court to address the merits of the Petition;

(v)     **INSTRUCT** the proper authorities to add the minor child to the national police computer missing persons section. *See Brooke*, 907 F. Supp. at 57.

(vi)    **INSTRUCT** that a United States peace officer bring the Child before the Court without consent of Respondent;

(vii)   **FIND** any third-party knowingly acting in concert with Respondent as being in contempt of Court;

(viii)  **GRANT** the Motion (ECF No. 3) and issue a **new TRO to expire within 14 days** of the date of issuance, unless otherwise extended to by the parties, requiring, among other things, that Respondent Elizabeth Macpherson and Child be ordered to remain in (or return to) the Southern District of Florida pending resolution of the Petition; and

      (ix)    Alternatively, the Court should consider entering a **DEFAULT JUDGMENT** against Respondent for failure to appear before the Court to address the merits of the Petition and Order the immediate return of the Child to Petitioner.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2025); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Petitioner shall serve a copy of this Report and Recommendation on Respondent and Kathy Horsford, by all available means, and file a Notice of Compliance regarding service.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on January 9, 2026.

                                                ALICIA O. VALLE
                                                UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Melissa Damian
      All Counsel of Record