**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-61838-DAMIAN/Valle**

**SEBASTIAN GUENTHER**,

Petitioner,

v.

**ELIZABETH VICTORIA MCPHERSON**,

Respondent.
_____________________________________/

**ORDER ADOPTING SIXTH**
**REPORT AND RECOMMENDATION [ECF NO. 47]**
**HOLDING RESPONDENT IN CONTEMPT**

**THIS CAUSE** is before the Court on Magistrate Judge Alicia O. Valle's Report and Recommendation to District Judge, entered on January 9, 2026 [ECF No. 47 (the "Sixth Report")].

THE COURT has reviewed the Sixth Report and the pertinent portions of the record and is otherwise fully advised.

## I. BACKGROUND

Petitioner, Sebastian Guenther ("Petitioner"), initiated this action on September 12, 2025, by filing a Complaint and an *Ex Parte* Motion Under the Hague Convention Requesting Injunctive Relief, Entry of a Temporary Restraining Order, a Warrant Seeking Physical Custody of Minor Child, and Scheduling of an Expedited Hearing [ECF No. 3 (the "Motion")]. The undersigned referred the matter to United States Magistrate Judge Alicia Valle. [ECF No. 5].

Magistrate Judge Valle held a hearing and issued a Report and Recommendation on September 24, 2025. [ECF No. 9 (the "Initial Report")]. In the Initial Report, Magistrate

Judge Valle summarized the relevant background and procedural history, and, therefore, this Court will not set out the background in detail here, except to note that, in the Complaint [ECF No. 1], Petitioner seeks the return of a four-year old child, Z.G.M. (the "Child"), whom Petitioner alleges was wrongfully removed from Germany by her mother, Respondent, Elizabeth Victoria McPherson ("Respondent"), and brought to Fort Lauderdale, Florida. Magistrate Judge Valle recommended, *inter alia*, that the Motion for Temporary Restraining Order ("TRO") be granted in part and denied in part, that the Respondent be ordered to remain in the United States with the child, that the United States Marshals Service be ordered to serve the Respondent, and that the Respondent be ordered to relinquish the child's passport. *See* Initial Report. The Magistrate Judge set a preliminary injunction hearing to be held on October 24, 2025, and indicated that the TRO would expire in fourteen days, unless extended by the Court upon Motion. *Id*. This Court entered an Order on October 1, 2025, adopting the Initial Report and ordering the relief recommended by the Magistrate Judge. [ECF No. 11].

No party filed objections to the Initial Report.[1]

On October 20, 2025, Petitioner filed a Status Report in which he explained that the U.S. Marshals had not yet been able to locate or serve the Respondent and requested that the TRO be extended. [ECF No. 14]. The Magistrate Judge then issued a Second Report and Recommendation on October 20, 2025 [ECF No. 15 ("Second Report")], in which she recommended that this Court issue a new TRO to expire within fourteen (14) days of the date of issuance, unless otherwise extended by the parties, and that the Court require that, prior to the expiration of the new TRO, (i) the U.S. Marshal continue to attempt to serve

[1] Judge Valle held an *ex parte* hearing by Zoom on September 22, 2025. *See* Report. Because Petitioner was the only party notified of and in attendance at the hearing and the Report recommends granting the relief sought by Petitioner, it does make sense that no party would file objections to the Report.

Respondent with all filings in this case, including the Second Report and the initial Report; and (ii) Petitioner file a Supplemental Status Report including: (a) evidence by affidavit/declaration from the U.S. Marshal regarding its efforts to serve Respondent; and (b) advising the Court of the necessary next steps if Respondent cannot be served and/or is evading service, *i.e.*, whether Petitioner can seek an *ex parte* preliminary injunction, sanctions, or other relief to expeditiously proceed in this action. *See* Second Report at 2. This Court adopted and affirmed the Second Report on October 27, 2025, and entered a Second TRO, which was set to expire on November 10, 2025. [ECF No. 17].

On November 21, 2025, the Magistrate Judge issued the Third Report and Recommendation, in which she again recommended that this Court issue a new TRO to expire within 14 days and require Petitioner to file a status report as previously directed. [ECF No. 21 (the "Third Report")]. On December 1, 2025, this Court adopted and affirmed the Third Report and entered a Third TRO which was set to expire on December 15, 2025. [ECF No. 24].

On December 15, 2025, Magistrate Judge Valle entered the Fourth Report and recommended that this Court extend the prior TRO, set to expire that same day, until the next hearing, set for December 18, 2025. *See* [ECF No. 27 ("Fourth Report"]. The Magistrate Judge then held a hearing on December 18, 2025. *See* ECF No. 28. At the December 18, 2025 hearing before the Magistrate Judge, Petitioner testified about communications between: (i) Respondent's mother and Petitioner's counsel; and (ii) Respondent's mother and a mutual friend. *See* ECF No. 30 ("Fifth Report")]. Petitioner also cited the Declaration of U.S. Deputy Marshal David Steinberg regarding his attempts at service, including one occasion when the Deputy returned to the residence and found that documents he had previously left in the mailbox had been retrieved. *Id*.

Following the December 18, 2025 hearing, the Magistrate Judge issued the Fifth Report that same day. In the Fifth Report, the Magistrate Judge explains that the above-described information, which was introduced into the record at the hearing, provided convincing circumstantial evidence upon which to determine that Respondent is, at best, evading service or, at worst, has fled the jurisdiction with the minor child. *Id*. Judge Valle continued the hearing on the Petition to January 5, 2026, to allow for Respondent's appearance and the taking of additional testimony. *Id*. This Court adopted the Fourth and Fifth Reports on December 22, 2025. [ECF No. 34]. In advance of the January 5th hearing, Petitioner filed several Notices regarding service on Respondent and third parties, including Kathy Horsford. [ECF Nos. 35, 37, 40].

On January 5, 2026, Judge Valle held the continued evidentiary hearing. [ECF No. 42]. Although Petitioner, counsel, and private investigator Daniel Reimer appeared, no one else appeared at the hearing. The Magistrate Judge heard testimony and took evidence. Following the January 5 hearing, Judge Valle recommended that this Court find Respondent in Contempt, issue warrants for the arrests of Respondent and Kathy Horsford, order that Respondent and Horsford be held in custody until they purge themselves of contempt, instruct the proper authorities to add the minor child to the national police computer missing persons section, instruct that a national police officer bring the minor child before this Court, find any person knowingly acting in concert with Respondent in contempt, and extend the TRO through January 25, 2026. [ECF No. 47 ("Sixth Report")].

The Magistrate Judge directed Petitioner to serve a copy of the Sixth Report on Respondent and Kathy Horsford "by all available means" and to file a Notice of Compliance. *Id*. at 15. The Magistrate Judge also set forth the deadline for the parties to file objections to the Report as follows:

> Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations asvprovided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2025); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

*Id*.

This Court is mindful that the instant proceeding is presently *ex parte*. As noted above, the Magistrate Judge established a period for objections, during which the Respondent was permitted to file objections pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b) and appear before the Court in the Southern District of Florida to adjudicate the merits of the Petition. That objection period expired fourteen (14) days after service of the Report and Recommendation.

On January 22, 2026, non-party Kathy Horsford filed Objections to the Magistrate Judge's Sixth Report. [ECF No. 53]. The undersigned directed Petitioner to respond to the Objections by January 26, 2026. Respondent, however, did not file Objections, and the time to do so has passed. Therefore, this Court addresses the Sixth Report insofar as it pertains to Respondent below. This Court will address non-party Kathy Horsford by separate Order.

## II. CONCLUSION

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See*

*Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Since Respondent has not filed any response, this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See* Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

The undersigned has reviewed the Sixth Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. As set forth above, in the Sixth Report, the Magistrate Judge recommends that this Court (1) find Respondent in Contempt; (2) issue a warrant for the arrest of Respondent; (3) order that Respondent be held in custody until she purges herself of contempt; (4) instruct the proper authorities to add the minor child to the national police computer missing persons section; (5) instruct that a national police officer bring the minor child before this Court; (6) find any person knowingly acting in concert with Respondent in contempt; and (7) extend the TRO through January 25, 2026. *See* Sixth Report.

Having reviewed the record in its entirety and upon consideration of the Magistrate Judge's thorough and well-reasoned analyses, this Court finds that there is no clear error in the Sixth Report and Recommendation and agrees with the Magistrate Judge's reasoning and conclusions.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Sixth Report **[ECF No. 47]** is **APPROVED AND ADOPTED**.
2. Plaintiff/Petitioner's *Ex Parte* Motion Under Hague Convention Requesting Injunctive Relief; For Entry Of A TRO, Application For Warrant Seeking Physical

Custody Of The Minor Child, And Scheduling Of An Expedited Hearing; And Federal Rule 65(B) And Certificate Of Counsel **[ECF No. 3]** is **GRANTED**;

3. Respondent and Child shall **REMAIN** in the Southern District of Florida pending resolution of this action. Further, Respondent (or any person acting in concert with Respondent) shall be **PROHIBITED** from removing the Child from the jurisdiction of the Southern District of Florida and shall take no action to remove the Child from the jurisdiction of the Southern District of Florida, pending further Order of the Court;
4. Respondent shall **RELINQUISH** the Child's passport to the United States Marshals Service at the time she is served with the documents above (if she has the Child's passports with her at that time). Alternatively, if Respondent does not have possession of the Child's passport at the time of service, she shall tender the Child's passport to the District Court by delivering it to the Clerk of Court at the Fort Lauderdale Federal Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida 33301, by 4:00 PM the next business day.
5. This **Temporary Restraining Order shall expire on February 7, 2026 at midnight**, unless otherwise extended by this Court.
6. This Court finds that Respondent, Elizabeth Macpherson, is in **CIVIL CONTEMPT** for failure to comply with this Court's lawful orders requiring her personal appearance to address the merits of the Petition;
7. This Court shall by separate Order issue the warrant of arrest described above.
8. Respondent will be **HELD IN CUSTODY** until she purges herself of contempt by complying with Court Orders, including bringing the Child before the Court to address the merits of the Petition;

9. **The parties, including Respondent and Petitioner, shall appear before this Court to be heard on February 4, 2026 at 4:00 PM in Courtroom 205C at the U.S. Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida** 33301, at which time Respondent will be given the opportunity to purge herself of contempt.
10. The name of the minor child shall be entered into the national police computer system (N.C.I.C.) missing persons section.
11. This Court shall by separate Order issue a separate warrant allowing any United States peace officer to bring the minor child into this Court without consent of Respondent. If the minor child is delivered to this Court pursuant to such Warrant, and Respondent has not purged herself of contempt, this Court may grant temporary custody of the child to Petitioner pending the resolution of these proceedings; and
12. This Court further finds that any third-party knowingly acting in concert with Respondent as being in **CONTEMPT OF COURT.**

Upon location of the minor child, this Court will hold a Hague Convention hearing to determine if the child should be immediately returned to the custody of the Petitioner.

Petitioner shall assure this Order is served on Respondent and file a Notice of Compliance in the record indicating he has done so.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 24th day of January, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**